## Loughney v. Scranton Lackawanna Trust Company, Trustee.

No appearance for plaintiff; *Donahoe & Helriegel*, for defendant.

NEWCOMB, P. J., Aug. 1, 1930.—On Dec. 10, 1925, Michael P. Loughney, late of the City of Scranton, deceased, declared a trust in the proceeds of certain life insurance policies for the benefit of his mother, his wife and his several children. The fund came to the hands of the trustee above named and from time to time it has been administered according to its terms; *inter alia*, in May, 1929, an order was made for the benefit of the daughters, whereby the payment of the funds set apart for their use was accelerated. It will be observed, however, that the order on that occasion was in strict accordance with the terms of the trust, as will appear by reference to the seventh paragraph thereof. The sum of $5000 in equal shares was made payable to the three daughters upon the youngest reaching the age of twenty-one years, with provision, however, that the trustee might, in its discretion, pay any part of the share of either upon satisfactory evidence that it was for the welfare of the beneficiary during minority.

For the three sons, Edward, Joseph and William Loughney, the sum of $500 each was set apart, payable, with the accumulations, when the youngest child should become of age, without any such qualification providing for payment during minority. Hence, the rule of exclusion suggests itself. The youngest child is a daughter, June Rose Loughney, now six years of age. All of the children still have their home with the mother. The oldest is Edward, who is past twenty-one years of age, and he joins with his mother in this application of the trust company for leave to anticipate the maturity of his share and to pay the same to his mother because of her needy circumstances.

The application is founded upon paragraph 14, which provides for submitting to the court any question as to the construction or interpretation of the trust agreement.

There is no question about Mrs. Loughney being in need, nor that the eldest son desires his share to be turned over to her on that account. The trust company would be entirely willing to pay it if it could be justly so done under the obligations which it has assumed.

The trouble is not only that the trustee is asked to accelerate the maturity of payment, but also that Edward is not the sole party in interest. The tenth paragraph provides that in the event of any of the children dying leaving issue, such issue shall take the parent's share, but if no issue the share of such child shall be distributed to his or her brothers and sisters. Hence, the other brothers and sisters not now *sui juris* have a contingent interest in that fund expectant upon the death of Edward without issue.

The parties to the petition emphasize their belief that the relief asked for is within the intent and purpose of the settlor, but that can hardly be reconciled with the provision of paragraph 7 for such an advancement limited, however, to the daughters, without any intimation with regard to the share of either of the sons.

The conclusion is unavoidable that the trust agreement will not bear the interpretation asked for.

From William A. Wilcox, Scranton, Pa.